**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| STANDS4 LLC and<br>STANDS4 LTD,<br><br>     Plaintiffs,<br><br>v.<br><br>UNDEVELOPED BV D/B/A DAN.COM<br>and JOHN DOE,<br><br>     Defendants. | C.A. No. _____ |

## **COMPLAINT**

Plaintiffs Stands4 LLC and Stands4 LTD (together, "Stands4"), for their Complaint against defendants Undeveloped BV d/b/a DAN.com ("DAN.com"), and John Doe, allege as follows:

### **NATURE OF THE ACTION**

1.     Stands4's claims concerning Defendants DAN.com's and John Doe's actions leading Stands4 to believe that they had the ability to sell the highly valuable calculator.com domain to Stands4.  DAN.com's and John Doe's actions induced Stands4 to transfer substantial funds to DAN.com for a domain name that Defendants did not own and could not sell to Stands4.

2.     Despite its claim to be "the best domain name marketplace in the world," DAN.com knowingly—or with reckless disregard—purported to sell a stolen domain name to Stands4. In doing so, DAN.com bypassed its own internal security rules to offer the domain name for sale, converted the money paid by Stands4 into cryptocurrency without Stands4's authorization, and thereafter paid the purported seller of the calculator.com domain name—John Doe—in cryptocurrency.  The payment to John Doe in cryptocurrency rendered recovering Stands4's funds virtually impossible.

3.      When it became clear that DAN.com had not delivered and could not deliver ownership of the calculator.com domain name to Stands4 as promised, DAN.com disavowed its prior repeated commitments to protect Stands4's interests and refused to refund the $180,000.00 paid by Stands4.  DAN.com caused substantial harm to Stands4.

## PARTIES

4.      Plaintiff Stands4 LLC is a Delaware limited liability company formed in 2004 with a business address of 16192 Coastal Highway, Lewes, DE 19958.

5.      Plaintiff Stands4 LTD is an Israeli company with a principal place of business of 10 HaRotem Street, Kfar Neter, (HaMerkaz) Israel 40593.

6.      Defendant Undeveloped BV d/b/a/ DAN.com is a private company organized under the laws of Netherlands with a principal place of business of Tesselschadestraat 11 1054 ET Amsterdam, Netherlands.

7.      Defendant John Doe is a person of unknown identity who obtained unauthorized access to the calculator.com domain name and listed the calculator.com domain name for sale on the DAN.com marketplace.

## JURISDICTION AND VENUE

8.      This action arises under the Wiretap Act, 18 U.S.C. §§ 2511, 2520, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and related claims, so this Court possesses subject-matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1367, and the doctrines of ancillary and pendent jurisdiction.

9.      Defendant DAN.com is subject to personal jurisdiction in this District because: (i) it is subject to Delaware's long arm statute because it transacts business in Delaware, supplies services in Delaware, directs its business activities toward Delaware, and has used

2

instrumentalities located in this District in furtherance of the schemes that are the subject of Plaintiffs' claim; and (ii) in the alternative, it is subject to jurisdiction under Fed. R. Civ. P. 4(k) due to its extensive contacts with the United States as a whole, which include operating a special purpose Delaware limited liability company, Dan.com, Inc., for the sole purpose of facilitating transactions with persons or entities located in the United States and/or transactions involving domain names such as underline calculator.com underline that are registered by U.S. based domain name registries and registrars.

10.     On information and belief, John Doe is subject to personal jurisdiction in this District because: (i) John Doe is subject to Delaware's long arm statute because he transacts business in Delaware and has used instrumentalities located in this District in furtherance of the schemes that are the subject of Plaintiffs' claims; and  (ii) in the alternative, John Doe is subject to jurisdiction pursuant to Fed. R. Civ. P. 4(k) due to his extensive contacts with the United States as a whole, which include engaging in fraudulent schemes to obtain access to domain names owned by persons or entities in the United States and/or domiciled in the United States that he resells without the permission of the actual domain name owners.

11.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants are subject to personal jurisdiction in this District, and the unilateral forum-selection clause posted to the Dan.com website is not enforceable under either United States or European Union law.

12.     Joinder of Defendants DAN.com and John Doe is proper under Fed. R. Civ. P. 20(a)(2) in that the claims set forth herein arise out of the same series of transactions and the same questions of law or fact are common to both Defendants.

3

## STANDS4'S INTEREST IN CALCULATOR.COM

13.     Stands4 is a leading provider of free online reference and educational resources such as Grammar.com, Lyrics.com, and Poetry.com—serving millions of unique visitors with genuine and useful content through its collaborative network of award-winning reference websites and content partners.

14.     Stands4 has been in the business of developing, operating and maintaining premium website brands in the education and reference sectors since 2001.

15.     Many websites operated by Stands4 directly relate to numbers and calculations. For example, Convert.net is an online conversions calculator for a variety of unit measurements featuring natural language queries.

16.     Stands4 is regularly looking to add websites to its network that are consistent with its mission of providing free online reference and educational resources, and Stands4 has an account with the domain name registrar GoDaddy.com LLC to receive and manage domain names.

17.     For several years, Stands4 worked with respected domain-name consultant James Iles to assist Stands4 with developing its portfolio of reference and educational domain names.

18.     Mr. Iles has written more than 700 articles on the NamePros domain name website explaining various domain-name-related topics and issues. Mr. Iles has also been referenced or quoted in well-known publications including TechCrunch, Gizmodo, and The Verge for his knowledge and experience about domain names.

19.     In March 2020, Stands4 decided that it wanted to purchase the domain name calculator.com.

20.     Although calculator.com had been registered for more than 20 years, Stands4 believed that it could improve the free services offered through calculator.com by adding it to the

4

Stands4 network.

21.     On or around February 24, 2020, the contact information in the Whois database for calculator.com changed to identify the registrant as "Chloe Alston" with a mailing address of "50 QUINNS HILL RD, DAYVILLE CT 06241-1410" and an email address of "chloe.alstonnet@gmail.com."

22.     On or around March 27, 2020, Mr. Iles sent an email to Chloe Alston, the registrant of the calculator.com domain name, to negotiate the purchase of the calculator.com domain name. On information and belief, Defendant Doe intercepted this electronic communication.

**DEFENDANT DOE LISTS CALCULATOR.COM FOR SALE IN THE DAN.COM MARKETPLACE**

23.     DAN.com claims to provide a "platform [that] makes a change of control and ownership of domains easier, safer and faster," and it claims to be "rated as the best domain marketplace in the world and fifth best online marketplace overall."

24.     On information and belief, DAN.com is not a licensed escrow company in any jurisdiction within the United States.

25.     Nevertheless, DAN.com regularly targets persons or entities located in the United States for its services, as evidenced by its advertisements on websites directed toward persons and entities in the United States, its creation of a special purpose Delaware limited liability company for the sole purpose of "servic[ing its] US based clients," and the numerous transactions that it has facilitated involving one or more persons or entities in the United States and/or domain names registered by U.S. based domain name registries and registrars.

26.     On or around March 30, 2020, Defendant Doe created an account with DAN.com using the name "Chloe Alston."

27.     Shortly after registering the account, Defendant Doe attempted to list the

calculator.com domain name for sale on the DAN.com marketplace.

28.     On information and belief, Defendant Doe selected DAN.com because DAN.com offers payment to sellers in the cryptocurrency Bitcoin, which is commonly used by criminal enterprises because it is difficult or impossible to trace.

29.     On information and belief, DAN.com is configured in a manner in which sellers cannot list a domain name for sale on DAN.com if the domain name leads to a website that is actively in use. Because of this process, Defendant Doe initially could not list calculator.com for sale on DAN.com.

30.     Undeterred, Defendant Doe sent a message to DAN.com claiming that Defendant Doe owned calculator.com, but, when Defendant Doe attempted to sell the calculator.com domain name through DAN.com, he received a message "please do not list domains you don't own."

31.     A representative of DAN.com responded to Defendant Doe that DAN.com "normally cannot list domain names for sale that have a [*sic*] existing (none sale page) website on it."

32.     Rather than enforce this policy, however, DAN.com asked Defendant Doe to "send a print screen of the domain residing in your registrars [*sic*] account."

33.     On information and belief, DAN.com obtained internet protocol (IP) address information from Defendant Doe that identified Doe's location outside of the identified location of the real Chloe Alston in Connecticut—a significant red flag that Doe did not own the domain name.

34.     On information and belief, Defendant Doe obtained unauthorized access to Chloe Alston's domain name management account, reconfigured the account to use an email address controlled by Defendant Doe, and thereby intercepted electronic communications directed to

Chloe Alston.

35.     On information and belief, because of Defendant Doe's unauthorized access to Chloe Alston's domain-name-management account, Defendant Doe was able to obtain the print screen requested by DAN.com.

36.     On information and belief, DAN.com ignored the IP address location of Defendant Doe, accepted the print screen from Defendant Doe without taking reasonable efforts to verify that Defendant Doe actually owned the calculator.com domain name, and then bypassed its own security protocols and rules and permitted Defendant Doe to list the calculator.com domain name for sale in the DAN.com marketplace.

37.     Once the calculator.com domain name was listed on the DAN.com marketplace, Defendant Doe directed Stands4 to submit its offer to purchase the calculator.com domain name through DAN.com.

## DAN.COM'S FRAUDULENT REPRESENTATIONS INDUCE STANDS4 TO WIRE PAYMENT TO DAN.COM

38.     Before Defendant Doe directed Stands4 to submit an offer through DAN.com, Stands4 had never used DAN.com's services.

39.     Stands4 had significant concerns about committing a large transaction through a marketplace and escrow service with which it was not familiar.

40.     DAN.com provided repeated, specific representations and assurances to convince Stands4 to complete its transaction using the DAN.com marketplace.

41.     Specifically, the front page of DAN.com's website touted a Buyer Protection Program through which DAN.com, to this day, purports to "protect every transaction through a careful escrow process leading to 100% successful acquisitions since 2014."



42.    A separate page on the DAN.com website explained the Buyer Protection Program in more detail. Specifically, DAN.com represents and warrants to buyers to this day that "[e]ver since the launch of our Buyer Protection Program in 2014 not a single transaction has turned into a nightmare. Today all transactions on DAN.COM are covered by this program."



43.    DAN.com even represented and warranted: "All sellers go through a careful verification process before they can conduct business on the marketplace." DAN.com went on to represent: "If the seller doesn't deliver on their part for whatever reason, we refund you within 12 hours. No questions asked."



44.    DAN.com made additional representations regarding its services on a website entitled "Domain Buyer Guide." Here, DAN.com represented and warranted that it has "enabled the highest level of fraud detection systems to avoid any issues on our marketplace."



45.    DAN.com further represented and warranted that its escrow agents will "provide

9

support until you're gained full control <u>and ownership</u> over a domain" (emphasis added).



46.     In reliance upon these representations from DAN.com, Stands4 submitted an offer on or around June 10, 2020 to purchase the <u>calculator.com</u> domain name for $180,000.

47.     In reliance upon the representations from DAN.com, Stands4 did not question the forum-selection clause included in the General Terms of Use posted to the DAN.com website.

48.     Two days later, a person identified as Simon Bernsten from DAN.com wrote to Stands4 indicating that the seller of <u>calculator.com</u> had accepted Stands4's offer. DAN.com sent an invoice to Stands4, which identified the seller as Chloe Alston, 50 Quinns Hill Rd, 062411410 Dayville CT United States of America.

49.     Later that day, in response to an inquiry from Mr. Iles about whether Stands4 would obtain access to a dashboard tracking the escrow process, Walter da Silva of DAN.com responded that, under DAN.com's process, "there is no need for both parties to be involved at the same time, we work to assist the buyer and seller separately." He added that once the seller accepted Stands4's offer, "We take care of the rest!"

10

Hi James,

Thanks for the response.

Our process is slightly different, there is no need for both parties to be involved at the same time, we work to assist the buyer and seller separately.

But you are correct that the buyer has accepted the legally binding offer, meaning both parties are now in agreement.

We take care of the rest!

We will keep an eye on it next week and we'll take it from there.

I hope you have a great weekend!


Walter da Silva | Account Manager
Nieuwe Herengracht 47
1011 RN Amsterdam
The Netherlands
+1 737 218 6046

50.     Stands4, however, remained uncertain about using DAN.com to complete such a large transaction, so Mr. Iles sought assurances from Mr. da Silva about Stands4's recourse if the transaction did not go through as planned. Mr. da Silva responded that if that were to transpire, not only would DAN.com provide Stands4 with "full details of the seller," but it would also provide a refund to Stands4 if it did not receive an adequate response from the seller.

11

Hi James,

Yes, we make sure to do a thorough follow up with the seller if we are still unable to reach them or get an answer, we provide full details of the seller to allow you to pursue legal action.

And yes, we will refund the buyer at this point as well.

Of course James, I completely understand and that's why I proactively contacted you, we want to ensure a smooth transaction for all parties involved.

Rest assured, we are here from beginning to end.

Walter da Silva | Account Manager
Nieuwe Herengracht 47
1011 RN Amsterdam
The Netherlands
+1 737 218 6046

51.     In reliance on DAN.com's representations, Stands4 sent a wire transfer in the amount of for $180,000.00 to DAN.com on or around June 15, 2020.

52.     On information and belief, DAN.com then converted Stands4's payment to cryptocurrency and sent the payment to John Doe in the cryptocurrency Bitcoin without seeking Stands4's permission to convert the payment into Bitcoin.

53.     DAN.com did not even alert Stands4 that DAN.com made the payment using Bitcoin.  The Federal Bureau of Investigation has described the conversion of a payment into cryptocurrency as "a significant red flag."

54.     Days later, DAN.com transferred the domain name calculator.com to Stands4's account with the U.S. domain name registrar GoDaddy.com.

## DAN.COM FAILS TO STAND BY ITS COMMITMENT TO REFUND STANDS4 WHEN IT BECAME CLEAR THAT THE SALE DAN.COM EXECUTED WAS FRAUDULENT

55.     Although it initially appeared that the transfer of the domain name succeeded, DAN.com never fulfilled its promise to deliver full control and ownership of the calculator.com domain name to Stands4.

56.     The first sign of trouble appeared on June 22, 2020, when Stands4 received an

email from its domain name registrar, GoDaddy, indicating that GoDaddy had received a report that the transfer of the domain name from another U.S. domain name registrar Web.com / Network Solutions to GoDaddy was unauthorized and requesting documentation of how Stands4 came into possession of the domain name.

57.    Stands4 immediately alerted DAN.com to the request from GoDaddy.

58.    In response, DAN.com's CEO, Reza Sardeha, provided a description of its process to GoDaddy along with a representation that DAN.com was "100% sure that Chloe owned the domain name at the time of the transaction and that we were dealing with her. She explicitly authorized this transaction as well."

> To conclude. We are 100% sure that Chloe owned the domain at the time of the transaction and that we were dealing with her. She explicitly authorized this transaction as well. Please proceed and unlock the domain so the new owner can use the asset for which they paid a significant sum.
>
> Also, find attached the invoice for this transaction.
>
> With kind regards,
>
> Reza Sardeha
> CEO of DAN.COM

59.    Mr. Sardeha then sent a message to Stands4 stating that that DAN.com "take[s] responsibility as the facilitator of the transaction to make sure this issue is cleared asap. Simply keep us in the loop when new information arises so we can shift gears."

> Hi Yigal,
>
> We take responsibility as the facilitator of the transaction to make sure this issue is cleared asap. Simply keep us in the loop when new information arises so we can shift gears.
>
> Indeed, about 10 minutes ago I've messaged the seller with a request to provide a response about this situation and that she should cooperate to resolve the issue at hand within 48 hours. Once I have a response, I'll update both of you.
>
> With kind regards,
>
> Reza Sardeha
> CEO of DAN.COM

60.    DAN.com also indicated to Stands4 that it had attempted to contact the seller of the domain name to clear things up.

61.     On information and belief, DAN.com never received a response from the seller.

62.     Although GoDaddy agreed to unlock the domain name based on DAN.com's representations, Stands4 recognized that something was awry and asked DAN.com to cancel the transaction.

63.     DAN.com refused to cancel the transaction and, instead, sought to again reassure Stands4 through further representations that "there's enough paper trail to and proof that you are the rightful new owner of the domain and we have the documents of the buyer at our disposal which validate she/the owner authorized this transaction."

> Hi Yigal,
>
> That's great news!
>
> Considering that we all operate in jurisdictions that provide proper legal support I do not think you have to worry about that. As mentioned, there's enough paper trail to and proof that you are the rightful new owner of the domain and we have the documents of the buyer at our disposal which validate she/the owner authorized this transaction.
>
> We've sent her another, a more friendly message with the request to communicate any issues she has with us so we can resolve it. I see she hasn't seen that message yet.
>
> Canceling and reverting the deal would require her official consent and I don't think she regrets the sale and so far we do not even know if she was behind the un-authorized transfer dispute or Networksolutions. The domain is pretty high profile and was managed with them for a long time, so they might have initiated this on their own without consulting the seller.
>
> Lastly, the commission issue seems to have been cleared in later communication between Chloe and our emplyee Walter.
>
> With kind regards,
>
> Reza Sardeha
> CEO of DAN.COM

64.     Whatever comfort DAN.com provided to Stands4 was short-lived. On July 21, 2020, the real Chloe Alston filed a lawsuit in the U.S. District Court for the Southern District of Florida alleging that the calculator.com domain name had been stolen from her domain-name-management account before it was sold to Stands4.

65.     The District Court judge issued a temporary restraining order finding that Ms. Alston had "demonstrated that a) the name 'calculator.com' is distinctive and entitled to protection; b) the Defendant Unknown Registrant fraudulently transferred the Domain Name

www.calculator.com from the Plaintiff to its own account with Defendant GoDaddy.com, LLC; and c) the transfer by Defendant Unknown Registrant to Defendant Stands4 LTD was done in bad faith, as demonstrated by the Defendant's prior theft and attempt to sell the Domain Name for profit."[1]   Put another way, the District Court determined that Stands4 had never acquired ownership of the calculator.com domain name.

66.     The temporary restraining order directed non-parties, U.S. based .com domain registry Verisign, Inc. and GoDaddy to transfer the calculator.com domain name back to Ms. Alston.

67.     As soon as Ms. Alston filed her complaint, DAN.com's willingness to stand behind its actions and representations quickly dissipated, with DAN.com advising Stands4 that "it's time to get a good lawyer to defend **yourself** in this case" (emphasis added).

68.     Shocked by this response, Stands4 asked DAN.com to confirm its prior representations and warranties that it would take responsibility as facilitator of the transaction by, among other things, providing legal support to Stands4.

69.     Instead, DAN.com again attempted to abdicate itself of any responsibility, claiming that, despite the plain language of its Buyer Protection Program and repeated assurances to Stands4 by representations of DAN.com, DAN.com "is not and does not provide any insurance or post-transaction legal support."

70.     At the time that DAN.com sought to renege on its many commitments to protect Stands4, DAN.com also concurrently changed the Terms and Conditions posted on its website to, for the first time, prohibit the sale of stolen domain names through DAN.com.

---

[1] *See* Order Granting Plaintiff's Expedited Ex-Parte Application for Entry of Temporary Restraining Order, *Alston v. www.calculator.com*, 1:20-cv-23013 [Dkt. No. 8] (S.D. Fla. July 27, 2020).

71. Before DAN.com's attempt to renege on its commitments to Stands4 :



72. After DAN.com's attempt to renege on its commitments to Stands4, on or about July 26, 2020, DAN.com changed its Terms and Conditions to the following:

> **5.2** It is not permitted to place on the Website domain names that infringe on the (intellectual property) rights of third parties, domains with a tainted history (blackhat SEO for example), stolen domains or otherwise are unlawful.

73. On August 10, 2020, Stands4, through counsel, sent a letter to DAN.com requesting that DAN.com provide a refund of the amount that Stands4 paid for the calculator.com domain name given that DAN.com was unable to deliver full control and ownership of the domain name as promised by DAN.com.

74. Despite DAN.com's repeated representations and warranties to Stands4, including a commitment to provide a refund with "no questions asked" if Stands4 did not become the new owner of the calculator.com domain name, DAN.com refused to provide a refund and disclaimed a duty to provide any further support to Stands4.

**FIRST CLAIM FOR RELIEF**
**(Fraudulent Misrepresentation – DAN.com)**

75. Stands4 repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

76. In the course of its efforts to facilitate the sale of the domain name calculator.com to Stands4, DAN.com made a series of representations about its processes for vetting sellers and the protections it offers to domain name purchasers.

16

77.     DAN.com's representations were false: DAN.com did not vet sellers in the manner it described; nor did DAN.com provide the protections to domain name purchasers it described.

78.     On information and belief, DAN.com knew when it made its misrepresentations regarding its processes for vetting sellers and the protections it offers to domain name purchasers that these representations were false.  And at the same time, Plaintiffs had no knowledge of the false representation.  Nevertheless, DAN.com made the representations to entice Stands4 to purchase the domain name calculator.com and utilize DAN.com's services.  And on information and belief, DAN.com intended for Plaintiffs to believe its false representations and intended the false representations would induce Plaintiffs to agree to purchase calculator.com.

79.     Because Plaintiffs believed and relied on DAN.com's false representations, Stands4 entered into an agreement to purchase the domain name calculator.com and sent a wire transfer for $180,000.00 to DAN.com in reliance upon DAN.com's misrepresentations regarding its processes for vetting sellers and the protections it offers to domain name purchasers.

80.     Even after transferring the domain name calculator.com to Stands4, DAN.com continued to make false representations to Stands4 about the validity of the transaction.

81.     On information and belief, DAN.com knew when it made its misrepresentations regarding the validity of the transaction that these representations were false.  And at the same time, Plaintiffs had no knowledge of the false representation.  Nevertheless, DAN.com made the representations to entice Stands4 not to cancel the transaction and terminate its use of DAN.com's services.  And on information and belief, DAN.com intended for Plaintiffs to believe its false representations and intended the false representations would induce Plaintiffs not to cancel its purchase of calculator.com.

82.     DAN.com's misrepresentations were aggravated by evil motive or actual malice,

and DAN.com has benefited financially from its misrepresentations.

83.     Because of DAN.com's fraudulent misrepresentations, Stands4 was deceived and damaged.

84.     As a proximate result of DAN.com's fraudulent misrepresentations, DAN.com is liable for damages to Stands4 in an amount to be proven at trial including, but not limited to, compensatory damages, consequential damages, punitive and/or exemplary damages, interest, costs and attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**(Negligence – DAN.com)**

85.     Stands4 repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

86.     DAN.com owed a duty of care to Stands4 to facilitate Stands4's purchase of the domain name calculator.com in a manner that did not cause harm to Stands4.

87.     DAN.com repeatedly breached its duty of care to Stands4 by failing to facilitate Stands4's purchase of the domain name calculator.com in a manner that did not cause harm to Stands4 through, among other things, its failure to conduct a "careful verification process," and its payment to John Doe using Bitcoin without any associated contact information or bank account information.

88.     DAN.com's breaches—i.e., its failure to thoroughly investigate and determine that John Doe did not own calculator.com, its decision to pay John Doe in Bitcoin, and its failure to inform Plaintiffs of its decision to pay John Doe in Bitcoin—are the but for and proximate causes of Stands4's injuries.

89.     DAN.com's negligence caused Stands4 to suffer substantial harm in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
### (Unjust Enrichment– DAN.com)

90.     Stands4 repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

91.     Stands4 paid DAN.com $180,000.00 as the amount owed to John Doe for the domain name calculator.com.

92.     As a result of Stands4's payment, DAN.com was enriched in an amount to be proven at trial and Stands4 was impoverished in the amount of $180,000.00.

93.     Stands4 paid DAN.com $180,000.00 with the expectation that DAN.com would deliver full control and ownership of the domain name calculator.com to Stands4 or DAN.com would refund the full amount paid by Stands4.  DAN.com neither delivered full control and ownership of the domain name calculator.com to Stands4 nor refunded the full amount paid by Stands4.

94.     Accordingly, the enrichment of DAN.com and the impoverishment of Stands4 in the amount of $180,000.00 was unjustified and DAN.com is liable to Stands4 for an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF
### (Violation of the Wiretap Act – John Doe)

95.     Stands4 repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

96.     On information and belief, John Doe intentionally intercepted electronic communications directed by Stands4 to the true owner of the domain name calculator.com.

97.     John Doe engaged in such actions with a knowing and/or intentional state of mind,

and such actions constitute a violation of the Wiretap Act, 18 U.S.C. §§ 2511, 2520.

98.     Plaintiffs have suffered damages, including loss of the $180,000.00 purchase funds that Defendant Dan.com has refused to refund, as a result of the conduct complained of herein and is entitled to injunctive relief, actual, statutory, and/or punitive damages, and attorney's fees under the Wiretap Act.

**FIFTH CLAIM FOR RELIEF**
**(Violation of the Electronic Communications Privacy Act – John Doe)**

99.     Stands4 repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

100.    On information and belief, John Doe intentionally accessed without authorization electronic communications directed by Stands4 to the true owner of the domain name calculator.com.

101.    On information and belief, John Doe obtained such electronic communications while the communications were in electronic storage.

102.    John Doe engaged in such actions with a knowing and/or intentional state of mind, and such actions constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707.

103.    Plaintiffs have suffered damages, including loss of the $180,000.00 purchase funds that Defendant Dan.com has refused to refund, as a result of the conduct complained of herein and is entitled to injunctive relief, actual, statutory, and/or punitive damages, and attorney's fees under the Electronic Communications Privacy Act.

**SIXTH CLAIM FOR RELIEF**
**(Breach of Contract – John Doe)**

104.    Stands4 repeats and realleges each and every allegation set forth in the foregoing

paragraphs, as though fully set forth herein.

105.    John Doe entered into an agreement with Stands4 to sell the domain name calculator.com to Stands4, using DAN.com as an intermediary.

106.    In the alternative, John Doe entered into an agreement with DAN.com for which Stands4 was an intended beneficiary to sell the domain name calculator.com to Stands4.

107.    Under either theory, Stands4 performed its obligations under the agreement with John Doe by paying $180,000.00.

108.    John Doe breached its agreement with Stands4 by failing to deliver Stands4 ownership of the calculator.com domain name.

109.    As a proximate result of John Doe's breach, Stands4 has been damaged in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF
### (Breach of Warranty of Title – John Doe)

110.    Stands4 repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

111.    John Doe entered into an agreement with Stands4 to sell the domain name calculator.com to Stands4.

112.    In the alternative, John Doe entered into an agreement with DAN.com for which Stands4 was an intended beneficiary to sell the domain name calculator.com to Stands4.

113.    John Doe's agreement to sell the domain name calculator.com to Stands4 included an implied warranty that the title conveyed shall be good and its transfer rightful.  Doe never disclaimed that implied warranty.

114.    John Doe's warranty that the title conveyed shall be good and its transfer rightful was material to Stands4's decision to enter into an agreement to purchase the domain name

calculator.com.

115.    Stands4 performed its obligations under the agreement with John Doe by paying $180,000.00.

116.    John Doe failed to deliver to Stands4 good title to the domain name calculator.com.

117.    John Doe's actions constitute breach of the implied covenant of warranty of title.

118.    As a proximate result of John Doe's breach, Stands4 has been damaged in an amount to be proven at trial.

**EIGHTH CLAIM FOR RELIEF**
**(Breach of Express Warranty – John Doe)**

119.    Stands4 repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

120.    John Doe entered into an agreement with Stands4 to sell the domain name calculator.com to Stands4.

121.    In the alternative, John Doe entered into an agreement with DAN.com for which Stands4 was an intended beneficiary to sell the domain name calculator.com to Stands4.

122.    John Doe's agreement to sell the domain name calculator.com to Stands4 included a warranty that John Doe was the owner of and/or had authority to sell the domain name calculator.com to Stands4.

123.    John Doe's warranty that he was the owner of and/or had authority to sell the domain name calculator.com to Stands4 was material to Stands4's decision to enter into an agreement to purchase the domain name calculator.com.

124.    Stands4 performed its obligations under the agreement with John Doe by paying $180,000.00.

125.    John Doe breached the agreement because he was not the owner of and lacked

authority to sell the domain name calculator.com to Stands4.

126.    As a proximate result of John Doe's breach, Stands4 has been damaged in an amount to be proven at trial.

### NINTH CLAIM FOR RELIEF
#### (Fraudulent Misrepresentation – John Doe)

127.    Stands4 repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

128.    In the course of his efforts to sell the domain name calculator.com to Stands4, John Doe represented that his name was "Chloe Alston" and that it was the rightful and longtime owner of the domain name calculator.com.

129.    John Doe's representation was false: John Doe was neither Chloe Alston nor the rightful owner of the domain name calculator.com.

130.    On information and belief, John Doe knew when it made its misrepresentation regarding the ownership of the domain name calculator.com that it was a false representation intended to induce Stands 4 to agree to buy the domain name.  Nevertheless, John Doe made the representation to entice Stands4 to enter into an agreement to purchase the domain name calculator.com.

131.    Stands4 entered into an agreement to purchase the domain name calculator.com in reliance upon John Doe's representations that it was Chloe Alston and that it was the rightful and longtime owner of the domain name calculator.com.  To be clear, Stands4 did not know at the time it purchased the domain name that the purported seller—John Doe—did not own calculator.com.

132.    Stands4 paid $180,000.00 for the domain name calculator.com in reliance upon John Doe's representations that it was Chloe Alston and that it was the rightful and longtime owner of the domain name calculator.com.

133.    John Doe's misrepresentation was aggravated by evil motive or actual malice, and John Doe has benefited financially from its misrepresentation.

134.    Because of John Doe's fraudulent misrepresentation, Stands4 was deceived and damaged.

135.    As a proximate result of John Doe's fraudulent misrepresentation, John Doe is liable for damages to Stands4 in an amount to be proven at trial including, but not limited to, compensatory damages, consequential damages, punitive and/or exemplary damages, interest, costs and attorneys' fees.

## TENTH CLAIM FOR RELIEF
### (Unjust Enrichment – John Doe)

136.    Stands4 repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

137.    Stands4 paid DAN.com $180,000.00 as the amount owed to John Doe for the domain name calculator.com.

138.    On information and belief, DAN.com transferred $180,000.00 (less any applicable fees) to John Doe for the domain name calculator.com.

139.    As a result of Stands4's payment, John Doe was enriched in the amount of $180,000.00 and Stands4 was impoverished in the amount of $180,000.00.

140.    Unbeknownst to Stands4, John Doe did not have good title to the domain name calculator.com and could not have transferred ownership of the domain name calculator.com to DAN.com or Stands4.

141.    Accordingly, the enrichment of John Doe and the impoverishment of Stands4 in the amount of $180,000.00 was unjustified and John Doe is liable to Stands4 for an amount to be proven at trial.

24

## PRAYER FOR RELIEF

WHEREFORE, Stands4 respectfully requests of this Court:

1.      That judgment be entered in favor of Stands4 on its claims against Defendant John Doe for violation of the Wiretap Act, violation of the Electronic Communications Privacy Act, breach of contract, breach of warranty of title, breach of express warranty, fraudulent misrepresentation, and unjust enrichment.

2.      That judgment be entered in favor of Stands4 on its claims against Defendant Dan.com for fraudulent misrepresentation, negligence, and unjust enrichment.

3.      That the Court grant the following relief:

(a)      An award of actual and/or compensatory damages in an amount of $180,000.00 plus interest;

(b)      An award of additional actual and/or compensatory damages to be proven at trial;

(c)      An award of treble damages in an additional amount of $360,000.00.

(d)      An award of punitive damages;

(e)      An award of reasonable attorneys' fees, costs, expenses, and pre-judgment and post-judgment interest to Stands4 to the extent permitted by law; and

(f)      Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial on issues triable by a jury.

25

OF COUNSEL:

David E. Weslow
(*pro hac vice* to be submitted)
Ari S. Meltzer
(*pro hac vice* to be submitted)
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Tel: (202) 719-7000
dweslow@wiley.law
ameltzer@wiley.law

Dated:  April 21, 2021

  */s/ John M. Seaman*
John M. Seaman (#3868)
Christopher Fitzpatrick Cannataro (#6621)
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807
Telephone: (302) 778-1000
Facsimile: (302) 778-1001
seaman@abramsbayliss.com
cannataro@abramsbayliss.com

*Attorneys for Plaintiffs*